IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DAVID AGOSTINO,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          Civil Action No. 08-1527
                                   )
                                   )
COLLIER TOWNSHIP,                  )
                                   )
          Defendant.               )


REPORT AND RECOMMENDATION

I. Recommendation

          Presently before the court is Defendant, Collier
Township's, motion for judgment on the pleadings as to Plaintiff,
David Agostino's, claim that his honorable discharge from the
Collier Township Police Department violated the Americans With
Disabilities Act, 42 U.S.C. §12101,("ADA") and the Pennsylvania
Human Relations Act, 43 P.S. § 955(a) ("PHRA"). It is
respectfully recommended that Collier Township's motion for
judgment on the pleadings (Docket No. 15) be denied.

II. Report

     A. Factual and Procedural History

          On August 15, 2004, Agostino, a Collier Township police
officer, was seriously injured in an off-duty motorcycle accident.

One of his injuries was anosmia, the loss of the ability to smell. Approximately one year later, after undergoing a physical exam, Agostino resumed his position with the Township Police Department in an administrative capacity. Agostino was eventually certified by the Municipal Police Officers' Education and Training Commission ("MPOETC") to return to full duty.

On October 10, 2006, the Executive Board of the Collier Township Police Department informed the Chief of Police that Agostino admitted to other officers that he had lost his sense of smell. The Board expressed concern that Agostino's inability to smell would impede performance of his police duties and could be a possible threat to the safety of the public, his fellow police officers, and other first responders.

On March 13, 2007, the Collier Township Board of Commissioners voted to honorably discharge Agostino because his inability to smell was a "physical or mental disability affecting his ability to continue in service. . . ." 53 P.S. §55644(1); Collier Township Civil Service Rules and Regulations, Section 6.1(a)(1). Agostino appealed his discharge to the Civil Service Commission of the Township of Collier.

A hearing was held before the Commission on July 19, 2007 to review whether Agostino's inability to smell rendered him unable to perform his police duties. At the hearing, the Township presented medical evidence that Agostino's anosmia was likely permanent, and testimony from various police officers concerning

the possible dangers associated with an officer responding to a situation where he could not smell.  Agostino testified on his own behalf and advocated a position that the sense of smell is not essential to performance as a police officer, offering that the provisions of the First Class Township Code and the Collier Township Civil Service Rules and Regulations relating to dismissal do not specify that discharge is warranted by an inability to smell.

The Commission affirmed the decision to discharge Agostino, finding that the evidence demonstrated "the need of the sense of smell in instances where the police officer is the first responder, or/and where the officer is the person responsible for determin[ing] the propriety of further investigation and arrest." Decision of the Civil Service Commission of the Township of Collier, October 3, 2007, Finding of Fact No. 10.  Regarding the possibility of Agostino's assignment to duties not requiring a sense of smell, the Commission noted that it did not have authority to determine claims arising under the Americans with Disability Act. Id. at 8, n.1.[1]

Agostino appealed the decision of the Commission to the

---

[1]    The Commission made no reference to its authority to consider claims arising under the PHRA, however, since the Pennsylvania Human Relations Commission has exclusive jurisdiction to hear and determine claims of discrimination in violation of the PHRA, see Murphy v. Cartex Corporation, 546 A.2d 1217, 1223 (Pa.Super. 1988), it is assumed that Agostino's PHRA claim is likewise beyond the adjudicatory reach of the Commission.

Court of Common Pleas of Allegheny County. Agostino claimed that the Commission erred when it: 1)disregarded evidence that he was able to perform his duties by compensating for his lack of smell; 2)accepted the opinion testimony of certain witnesses; 3)disregarded the fact that the ability to smell is neither listed as an essential function in a police officer's job description nor is it included in an officer's physical examination; and, 4) applied an improper standard of proof when rendering its decision.

In reviewing the determination of the Civil Service Commission, the court of common pleas is limited to determining whether constitutional rights have been violated, errors of law have been committed, or whether the findings of the Commission are supported by substantial evidence. Hanusey v. Civil Service Commission of the City of Philadelphia, 535 A.2d 264, 265-66 (Pa. Commw. 1987). After examining the record with deference to the Commission's decision, the common pleas court determined that credible and persuasive testimony was presented to the Commission that the ability to smell was crucial to a police officer's performance of his duties and that Agostino's permanent loss of this sense rendered him unable to continue as a police officer and affirmed the Commission's decision. Agostino v. Township of Collier, CP Allegheny, SA No. 07-1244, September 5, 2008, at 3.

Agostino next appealed to the Commonwealth Court which, utilizing the identical standard or review, see Pennsylvania Game Commission v. State Civil Service Commission (Toth), 561 Pa. 19, 26,

747 A.2d 887, 890 (2000), affirmed the decision of the court of common pleas. On the question of whether substantial evidence supported the Township's honorable discharge of Agostino, the Commonwealth Court held that:

> [T]he Commission relied upon competent, credible evidence and testimony that Agostino lost his sense of smell, that his loss was permanent and that the ability to smell was a critical component for a police officer in the performance of his duties and that a loss of smell hindered a police officer's ability to perform his duties.

Agostino v. Township of Collier, 968 A.2d 258, 264(Pa. Commw. 2009).

While his state court action was pending before the Commonwealth Court, Agostino commenced the present federal action alleging that his discharge violated the ADA and PHRA. After the Commonwealth Court announced its decision, Collier Township filed the instant motion for judgment on the pleadings averring that the state court judgment precluded Agostino's federal action based on the ADA.

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) may be filed after the defendant has filed an answer to the complaint, Mele v. Federal Reserve Bank, 359 F.3d 251, 253 n.1 (3d Cir. 2004), and is treated similarly to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004). The court accepts the allegations in the complaint as true and the reasonable inferences that can be drawn therefrom are

viewed in the light favorable to the non-moving party.  <u>Sikirica v.</u>
<u>Nationwide Insurance Company</u>, 416 F.3d 214, 220 93d Cir. 2005).  The
court should not ordinarily consider matters extraneous to the
pleadings in adjudicating a Rule 12(c) motion, subject to some
exceptions, namely: 1)exhibits attached to the pleadings, 2) matters
of public record, and 3) "documents that are integral to or
explicitly relied upon in the complaint."  <u>Oshiver v. Levin,</u>
<u>Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384-85 n. 2 (3d Cir.
1994).  The records of the proceedings  and decisions of the prior
tribunals, therefore, are properly considered in deciding the
present motion.

      B.  <u>Principles of Res Judicata and Collateral Estoppel</u>

      At issue is whether the Pennsylvania Commonwealth Court's
decision that credible evidence established that Agostino's
inability to smell precluded effective and safe performance of his
police officer duties forecloses continued litigation of his federal
disability discrimination lawsuit.

      Collateral estoppel, also known as issue preclusion,
disallows reexamination of an identical issue decided in a prior
action. <u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d 186, 189 (3d
Cir. 1993). Res judicata, or claim preclusion, is a broader concept
and bars not only not only claims that were brought in a previous
action, but also claims that could have been brought.  <u>In re</u>
<u>Mullarkey</u>, 536 F.3d 215, 225 (3d Cir. 2008).

      In determining the preclusive effect of a state court

judgment, a court applies the rendering state's preclusion law. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380(1985). "'In other words, [the full faith and credit clause] requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" McNasby v. Crown Cork and Seal, Inc., 888 F.2d 270, 276, (3d Cir. 1989)(quoting Kremer v. Chemical Construction Corporation, 456 U.S. 461, 466(1982)). This principle applies to both issue preclusion and claim preclusion analyses. McNasby, 888 F.2d at 276.

Claim Preclusion

Pennsylvania applies a four-part test to determine whether a claim is barred under res judicata, or claim preclusion: (1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the persons and parties to the action; and, (4) an identity of the quality or capacity of the parties suing or sued. Schubach v. Silver, 461 Pa. 366, 375, 336 A.2d 328, 332 (1975).

Pennsylvania law, however, does not preclude a litigant from pursuing in a subsequent action a claim that could not have been raised in the first action because it was not within the first court's jurisdiction. See McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir.1989)(Pennsylvania claim preclusion law appears to require that original court have subject matter jurisdiction over cause of action in order for second claim to be later barred in court with

subject matter jurisdiction).  See also Gregory v. Chehi, 843 F.2d

111, 117 (3d Cir. 1988) (when plaintiff relies on federal and state

law,  Restatement(Second)  of  Judgments  §25  advocates  claim

preclusion,  provided  that  first  court  to  adjudicate  matter  had

jurisdiction to entertain omitted claim).

At  first  glance,  this  subject  matter  jurisdiction

qualifier would not appear to relate to this matter, because in most

instances, state courts enjoy concurrent jurisdiction with federal

courts over ADA claims.  Krouse v. American Sterilizer Company,  872

F.Supp. 203, 205 (W.D.Pa. 1994).  However, the procedural posture

of Agostino's state court proceedings demonstrates that he did not

have the opportunity to litigate his ADA claim in state court.

The  fact-finding  relevant  to  the  legality  of  Agostino's

discharge  occurred  before  the  Collier  Township  Civil  Service

Commission.  This body specifically recognized that it did not have

authority  to  determine  claims  arising  under  the  Americans  with

Disability Act.  Fittingly then, there was no evidence presented

concerning  whether  Agostino's  dismissal  violated  the  ADA,  in

particular,  because  the  Township  filed  to  make  reasonable

accommodation for his disability.  Because a complete record was

made before the Commission, the court of common pleas' scope of

review  was  limited  to  whether  the  Commission's  findings  were

supported by substantial evidence, whether an error of law was

committed, or constitutional rights were violated.  2 Pa.C.S. §

754(b); Hanusey, 535 A.2d at 265-66.  Accordingly, Agostino could

not raise a claim under the ADA at this stage of the proceedings. Similarly, because the court of common pleas did not hear additional evidence or consider the ADA claim, the Commonwealth Court's scope of review was likewise circumscribed, id. at 266, leaving litigation of Agostino's federal disability discrimination case to another time, now, and place, here. Stated othewise, since Agostino's first action did not proceed through the Pennsylvania courts in a manner which would have permitted those courts to exercise jurisdiction over his ADA claim, his federal disability discrimination action is not barred by application of claim preclusion principles.

Issue Preclusion

Nor does issue preclusion, which prohibits reexamination of an identical issue decided in a prior action, bar federal litigation of Agostino's ADA claim. For issue preclusion to apply, the issue of concern must have been necessary to the final judgment on the merits, the parties must be the same or in privity, and there must have been a full and fair opportunity to litigate the question. Balent v. City of Wilkes-Barre, 542 Pa. 555, 564, 669 A.2d 309, 313 (1995). The Pennsylvania courts decided that Agostino's disability rendered him unfit to perform his job as a police officer, without any consideration of whether his disability could be accommodated. In contrast, to establish a prima facie case of illegal discrimination under the ADA, Agostino must show that (1) he is disabled within the meaning of the ADA; (2) otherwise qualified to perform the essential functions of the job, with or without

reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). The factual questions of whether Agostino's disability could be accommodated and whether he requested such an accommodation were never adjudicated in the Pennsylvania courts, thus, issue preclusion does not prevent federal court examination of whether Agostino's inability to smell could have or should have been accommodated.

C. Sufficiency of the Complaint

Collier Township appears to concede that the ADA discrimination claim was not litigated in the state courts, but now contends that Agostino's complaint must be dismissed because he did not specifically plead that he requested the Collier Township Police department to accommodate his inability to smell.[2]

The time has passed for Collier Township to present a request to dismiss the amended complaint on the basis of insufficient pleading. Collier Township filed an answer to the amended complaint on January 26, 2009, raising Agostino's failure to request a accommodation for his disability as an affirmative defense. The pleadings are now closed, and Collier Township has

_____

[2] The Township also notes that Agostino's testimony before the Civil Service Commission made no mention that he requested an accommodation for his disability and interprets this silence as an indication that Agostino did not want assistance from the Township. However, since the Commission did not have the authority to adjudicate the ADA claim, it is understandable that there was no evidence presented to that body regarding reasonable accommodation.

requested that judgment on the pleadings be granted in its favor on the basis of claim and/or issue preclusion. As noted, when deciding such motions, courts accept as true all allegations in the complaint, and all reasonable inferences that are drawn therefrom, in a light favorable to the non-movant. <u>Oh v. AT&T Corporation</u>, 76 F.Supp. 2d 551, 554(D.N.J. 1999).

In his amended complaint, Agostino recited a number of acts by the Township which he claims violated his rights under the ADA, including, "failing and/or refusing to investigate, offer and/or agree to an accommodation to compensate for his loss of the sense of smell so that Plaintiff could remain employed as a police officer[.]" (Am. Comp. ¶ 15(h)). This allegation must be accepted as true at this stage of the proceedings and, under this standard, Agostino has sufficiently presented an ADA cause of action to this court. And, in accord with the above discussion, because the crucial issue of reasonable accommodation intrinsic to an ADA case has not been previously decided by another court of competent jurisdiction, progression of the federal lawsuit is not thwarted by application of claim and/or issue preclusion jurisprudence.

D. <u>Conclusion</u>

For the reasons stated, the court recommends that Collier Township's motion for judgment on the pleadings (Docket No. 15) be denied. Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written

objections to the Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to file timely objections may constitute waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge


Entered: June 24, 2009